# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JEANINE DAVIS, individually, and as the parent on behalf of minor child, Nolan D.,

    Plaintiff,

v.

CLARK COUNTY SCHOOL DISTRICT,

    Defendant.

Case No. 2:11-CV-01896-KJD-NJK

**ORDER**

    Presently before the Court is Defendant's Motion to Dismiss (#29). Plaintiff filed a response in opposition (#38) to which Defendant replied (#43). Plaintiff also filed a Counter-motion for Attorney Fees and Costs (#41). Defendant filed a response in opposition (#44).

I. Background and Procedural History

    The Individuals with Disabilities in Education Act ("IDEA") is a federal statute that provides a statutory framework for students found eligible through statutory and regulatory definitions to receive a Free Appropriate Public Education ("FAPE") in the public education system. The IDEA permits the parents of disabled children to "present a complaint ... with respect to any matter relating to identification, evaluation, or educational placement of the child, or the provision of a [FAPE] to such child." 20 U.S.C. § 1145 (b)(6); Nev. Admin. Code. § 388.306(1) (2012). A parent who

submits such a complaint "shall have an opportunity for an impartial due process hearing" before a hearing officer appointed by the Nevada Department of Education ("NDOE"). 20 U.S.C. § 1415(f)(1)(A); Nev. Admin. Code. § 388.310 (2012). The IDEA requires that all administrative procedures be exhausted before taking judicial action. See 20 U.S.C. § 1415(l).

Plaintiff alleges that on or about May 27, 2010, a request for due process hearing was made on the behalf of Nolan D., alleging that Defendant Clark County School District ("CCSD") failed to provide Plaintiff with free appropriate public education in the least restrictive environment under IDEA. The administrative matter was assigned to a Nevada Department of Education Impartial Due Process Hearing Officer ("Hearing Officer"). The due process hearing was held on March 20, 21, May 5, 6, 9, and 10, 2011. On or about June 17, 2011, the Hearing Officer issued a decision in which Plaintiff prevailed on three of the ten issues raised.

On or about July 13 2011, Plaintiff appealed the Hearing Officer's decision to the NDOE seeking review by a State Review Officer ("SRO"). The NDOE appointed SRO issued a decision on August 26, 2011. Plaintiff then filed the instant action on November 23, 2011. Plaintiff's complaint was attached as an exhibit to her Motion/Application for Leave to Proceed In Forma Pauperis ("IFP") (#1). On January 5, 2012, the magistrate judge denied (#5) Plaintiff's application to proceed IFP and ordered her to pay the filing fee no later than January 13, 2012. Plaintiff paid the filing fee on January 11, 2012. The Court deems Plaintiff's initial complaint (#1-1) as having been filed on January 11, 2012. However, the Clerk of the Court did not detach the initial complaint and file it upon payment of the filing fee as is the typical practice in the District of Nevada. Plaintiff then filed an "Appeal from Administrative Decision under the [IDEA] and Amended Complaint" (#21) on March 19, 2012. The Amended Complaint (#21) was served on Defendant on March 20, 2012. Defendant subsequently moved to dismiss the complaint.

II. Standard for a Motion to Dismiss

In considering a motion to dismiss, "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." Wyler Summit Partnership v.

2

Turner Broadcasting System, Inc., 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Consequently, there is a strong presumption against dismissing an action for failure to state a claim. See Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 249 (9th Cir. 1997) (citation omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff has pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

The Iqbal evaluation illustrates a two prong analysis. First, the Court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. Id. at 1949-51. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. If the allegations state plausible claims for relief, such claims survive the motion to dismiss. Id. at 1950.

III. Analysis

Plaintiff's complaint asserts three causes of action. Defendant argues: (1) that the first cause of action for violation of the IDEA is barred by the applicable statute of limitations; (2) that the second cause of action for negligence per se fails to state a claim; and (3) the third cause of action brought under Section 504 of the Rehabilitation Act, 29 U.S.C. §794, should be dismissed for failure to state a claim.

A. First Cause of Action: IDEA

Plaintiff's first cause of action seeks a reversal of the SRO's August 26, 2011 decision, based on 20 U.S.C. § 1415(i)(2)(A). The IDEA allows a civil lawsuit to be filed with respect to an appeal of an underlying due process complaint. See 20 U.S.C. § 1415(i)(2)(A); 34 C.F.R. §300.516(a). "The party bringing the action shall have 90 days from the date of the decision of the hearing officer or, if applicable, the decision of the State review official, to file a civil action, or, if the State has an

explicit time limitation for bringing civil actions under Part B of the Act, in the time allowed by State law." 34 C.F.R. §300.516(b); see also 20 U.S.C. § 1415(i)(2)(B). Nevada's governing regulation follows the federal model: "A party may appeal from the decision of the review officer by initiating a civil action in a court of competent jurisdiction within 90 days after receipt of the decision of the review officer."[1] Nev. Admin. Code § 388.315(3).

Defendant would have the Court dismiss Plaintiff's first cause of action as untimely, because the SRO's decision was dated August 26, 2011, and the instant amended complaint was not filed until March 19, 2012.  However, the initial complaint was attached to Plaintiff's Motion/Application to Proceed IFP (#1).  The IFP was filed on November 23, 2011, which was eighty-nine days after the SRO's decision.  The statute of limitation is tolled while the IFP petition is pending.  See Jarrett v. US Spring Comms. Co., 22 F.3d 256, 259 (7th Cir. 1994)(the period of limitations is suspended while the judge rules on a motion that will effect the filing of the case).  The clock began to run again when the magistrate judge denied Plaintiff's IFP petition on January 5, 2012.  See Williams-Guice v. Bd. of Educ., 45 F.3d 161, 164-65 (7th Cir. 1995)(the plaintiff must pay the docket fee within the remainder of the period of limitations).  Thus, Plaintiff only had one day, plus the three days allowed by Federal Rule of Civil Procedure 6(e) since Plaintiff was notified by mail, to pay the full filing fee. See Robinson v. America's Best Contacts & Eyeglasses, 876 F.2d 596, 598 (7th Cir. 1989) (complaint deemed filed when IFP request ruled upon and fee paid).  Therefore, for the complaint to have been deemed timely filed, the fee must have been paid no later than January 9, 2012.

Luckily for Plaintiff, the cases contemplate a more merciful execution of the rules: "...the time remains in suspension for a reasonable time–perhaps a time defined by the local rules–after the district court's order [denying the IFP application]." Williams-Guice, 45 F.3d at 165.  Here, the time is equitably tolled by the magistrate's order granting Plaintiff until January 13, 2012 to pay the filing

---

[1] Both parties seem to assume that the ninety days begins to run from the issuance of the SRO's decision on August 26, 2011. However, the state regulation clearly states that a civil action must be filed within ninety days of "receipt" of the decision of the review officer. Unfortunately, Plaintiff has not identified on which date the decision was received and the Court will count the time from August 26, 2011 as argued by Plaintiff.

fee. Plaintiff paid the fee on January 11, 2012 before it was due. Therefore, Defendant's motion to dismiss based on the statute of limitations is denied.

### B. Second Cause of Action: Negligence per se

Defendant asserts that Plaintiff's claim for negligence fails to state a claim for relief, because Plaintiff has failed to allege facts sufficient to establish a duty, breach of a duty and causation. However, looking at the facts alleged in the complaint, particularly but not limited to paragraphs thirty-eight (38) and thirty-nine (39), the Court finds that Plaintiff has alleged sufficient facts to put Defendants on notice of the claim for negligence that it will have to defend. See Sanchez v. Wal-Mart, 221 P.3d 1276 (Nev. 2009); Tahoe Village Homeowners Ass'n v. Douglas County, 799 P.2d 556 (1990). Therefore, the Court denies Defendant's motion to dismiss the second cause of action.

### C. Third Cause of Action: Retaliation pursuant to Section 504 of the Rehabilitation Act

Defendant moves to dismiss Plaintiff's claim for retaliation under the Rehabilitation Act asserting that Plaintiff must assert a claim under the Rehabilitation Act, separate from her IDEA claim. However, to establish a prima facie claim for retaliation under Section 504 of the Rehabilitation Act, Plaintiff must allege that (1) she engaged in a protected activity; (2) the defendants knew they were involved in the protected activity; (3) an adverse action was taken against Plaintiff; and (4) a causal connection exists between the protected activity and the adverse action. See Weixel v. Bd. of Educ., 287 F.3d 138, 148 (2d. Cir. 2002); Alex G. v. Bd. of Trustees, 387 F. Supp.2d 1119, 1128 (E.D. Cal. 2005). Plaintiff has clearly stated facts alleging a sufficient claim for retaliation. There is no separate claim alleged for violation of Section 504 of the Rehabilitation Act.[2] Instead, Plaintiff has alleged that she was retaliated against for asserting her rights under Section 504. An independent cause of action for discrimination under Section 504 is not an element of a retaliation claim. Therefore, Defendant's motion to dismiss on this basis is denied.

---

[2] Plaintiff does argue in opposition that she has stated a claim for relief based on discrimination under Section 504. However, the complaint clearly makes a claim for retaliation, not discrimination. If Plaintiff intends to make a claim for discrimination under Section 504, she will have to move to amend her complaint.

Finally, Defendant raises in its reply brief, for the first time, that Plaintiff has failed to exhaust administrative remedies regarding this claim.[3]  However, asserting IDEA violations at the administrative level is sufficient to satisfy the exhaustion requirement with respect to claims under Section 504, including retaliation.  See Mark H. v. Lemahieu, 513 F.3d 922, 928 n.3 (9th Cir. 2008); Wiles v. Dep't of Educ., 555 F.Supp.2d 1143, 1161 (D. Haw. 2008).  Therefore, even if the Court considered this argument on the merits, it would deny the motion to dismiss on this ground.

D.  Motion for Attorney's Fees

While the Court agrees that Defendant's motion to dismiss the complaint as time barred was not well thought out initially or well-briefed, the claim was not clearly frivolous.  Defendant argues that the Court does not have authority to award attorney's fees at this stage of the litigation.  However, the Court does have authority under 28 U.S.C. § 1927 to order an attorney who so multiplies the proceedings in any case unreasonably and vexatiously to personally satisfy the excess costs, expenses and attorney's fees reasonably incurred because of such conduct, regardless of the stage of the litigation.  Plaintiff's motion for attorney's fees is denied.

IV.  Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion to Dismiss (#29) is **DENIED**;

IT IS FURTHER ORDERED that Plaintiff's Counter-motion for Attorney Fees and Costs (#41) is **DENIED**.

DATED this 6th day of February 2013.

_____
Kent J. Dawson
United States District Judge

---

[3] Raising the argument for the first time in the reply brief gives the Court enough cause to refuse to even consider the argument.