**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JEANINE DAVIS, | |
| Plaintiff(s), | Case No. 2:11-cv-01896-JAD-NJK |
| vs. | ORDER SANCTIONING ATTORNEY ERIC ROY |
| CLARK COUNTY SCHOOL DISTRICT, et al., | |
| Defendant(s). | |

This matter is before the Court on the order for Plaintiff and her counsel, Eric Roy, to show cause why they should not be sanctioned. Docket No. 72. Plaintiff and her counsel filed a written response to the order to show cause. Docket No. 73. The Court finds this matter properly resolved without oral argument. *See* Local Rule 78-2. For the reasons discussed below, the Court hereby **DISCHARGES** the order to show cause as it relates to Plaintiff herself and **SANCTIONS** Eric Roy as follows.

Attorneys are required to follow Court orders. Rule 16(f)[1] requires counsel to comply with pretrial orders and provides that the Court may order any "just" sanctions, including those outlined in Rule 37(b)(2)(A)(ii)-(vii), for non-compliance.[2] Whether the party and/or its counsel disobeyed the court order intentionally is impertinent; sanctions may be imposed when the parties and their counsel disobey a court order. *See Lucas Auto. Eng'g, Inc. v. Bridgestone/Firestone, Inc.*, 275 F.3d 762, 769 (9th Cir. 2001). Rule 16(f) "was designed not only to insure expeditious and sound

---

[1] Unless otherwise specified, references to "Rules" refer to the Federal Rules of Civil Procedure.

[2] Similarly, this Court's Local Rules provide the Court with authority to impose "any and all appropriate sanctions on an attorney . . . who, without just cause . . . [f]ails to comply with any order of this Court." Local Rule IA 4-1.

management of the preparation of cases for trial but to deter conduct that unnecessarily consumes 'the Court's time and resources that could have been more productively utilized by litigants willing to follow the Court's procedures.'" *Martin Family Trust v. Heco/Nostalgia Enters. Co.*, 186 F.R.D. 601, 603 (E.D. Cal. 1999) (quoting *Mulkey v. Meridian Oil, Inc.*, 143 F.R.D. 257, 262 (W.D. Okla. 1992)). Indeed, the rule also makes clear that "concerns about burdens on the court are to receive no less attention than concerns about burdens on opposing parties." *Matter of Baker*, 744 F.2d 1438, 1441 (10th Cir. 1984) (en banc).

In the pending order to show cause, the Court identified four orders that Mr. Roy disobeyed. In particular, Mr. Roy failed to comply with three orders to submit a settlement statement prior to the scheduled settlement conference. *See* Docket No. 72 at 1-2 (listing orders). In light of Mr. Roy's failure to submit a settlement statement, the Court vacated the settlement conference. Docket No. 71. Mr. Roy also failed to comply with the Court's order to file a redacted version of the amended complaint. *See* Docket No. 72 at 2.

In responding to the order to show cause, Mr. Roy first argues that he fired, in November 2012, his only staff member trained to track federal cases and that all Court notices were sent to that former employee's email address. *See* Response at 2. Mr. Roy further notes that he did not think of updating the CM/ECF system with a new email address "as there had been no activity in this case since October 1, 2012." *See id.* at 2-3. The Court finds that reasoning unpersuasive. Counsel bears the responsibility of updating his CM/ECF email address, and of reviewing and responding to Court orders. *See Local Ad Link, Inc. v. Adzzoo, LLC*, 2012 U.S. Dist. Lexis 79130, *8 (D. Nev. Apr. 16, 2012 ) ("attorneys have full responsibility to ensure their user information, including their email address . . . is accurate" (internal quotations omitted)); *see also Cabrera v. New Albertson's Inc.*, 2013 U.S. Dist. Lexis 101497, *4 (D. Nev. July 19, 2013). Counsel is not relieved of that duty simply because there had been no activity in the case for a few weeks at the time he fired the employee who had been receiving the CM/ECF notices. Moreover, and significantly, Mr. Roy was made aware on numerous occasions that the case was moving forward and that he was not receiving the Court's notices. *See, e.g.*, Response at 3 (noting that, although he did not receive the Court's notice, Mr. Roy became aware of the order denying Defendant's motion to dismiss); *id.* (noting that

2

Mr. Roy was made aware of the minute order setting a status conference for June 4, 2013, only when opposing counsel mentioned it); *id.* (noting that Mr. Roy was not aware of the Court's minute order continuing the status conference until opposing counsel mentioned it).  Thus, it has been clear to Mr. Roy for several months that he has not been receiving Court notices, but he still did not update his email address.[3]

Mr. Roy next asserts that he did not realize that he was required to submit a settlement statement prior to the settlement conference.  *See, e.g.*, Response at 4 (asserting that for continued settlement conference counsel continued to be "under the mistaken assumption that none was required").  Even assuming that Mr. Roy did not get the myriad orders setting deadlines for submitting settlement statements, it is abundantly clear that at the very least he did know that a settlement statement was due before the continued settlement conference set for August 26, 2013. The Court's staff called Mr. Roy's office in light of his failure to comply with the Court's order to submit a settlement statement no later than August 6, 2013.  Following that telephone call, on August 12, 2013, Mr. Roy sought to continue the settlement conference.  Docket No. 66   The stipulation, *drafted on Mr. Roy's pleading paper and signed by Mr. Roy*, requires the submission of a settlement statement prior to the continued settlement conference: "A settlement statement/brief shall be submitted no later than 5 days prior to that conference."  *Id.*; *accord id.* at 2 (proposed order stating "A settlement statement/brief shall be submitted no later than 5 days before that conference").  Mr. Roy is therefore disingenuous at best in asserting that he did not realize he had to submit a settlement statement before the settlement conference set for August 26, 2013.

In light of the above, it is clear that sanctions are appropriate.  The Court finds that Defendant should be compensated for its costs in preparing for the settlement conference, which was

---

[3] Although Mr. Roy asserts that his failure to comply with Court orders was "an isolated incident," *id.* at 18, in reality, Mr. Roy has continuously failed to comply with the orders and rules of this Court since at least November 2012.  Indeed, Mr. Roy has continued to violate Court orders and the rules of the Court even after the order to show cause was issued.  For example, notwithstanding the Court's instruction that only the initials of Ms. Davis's son should appear on Court filings pursuant to Special Order No. 108, *see* Docket No. 68, the response to the order to show cause itself lists her son's first name in five places on the first page, *see* Response at 1.

vacated due to Mr. Roy's failure to obey Court orders. To that end, Defendant shall submit, no later than September 16, 2013, a declaration of its costs and attorney's fees in preparing for the settlement conference.[4] Mr. Roy may respond to that request no later than September 23, 2013. These costs and fees shall be paid by Mr. Roy personally.

In addition to the above, Mr. Roy shall undertake steps to better prepare himself to practice in this Court. *See 4 Exotic Dancers v. Spearmint Rhino*, 2009 U.S. Dist. Lexis 9841, at *1 n.1 (C.D. Cal. Jan. 29, 2009) (requiring counsel to read the local rules, electronic filing procedures, and orders regarding motion practice and procedure, and to file a declaration indicating that he had done so); *see also Kwok v. Reconstrust Co., N.A.*, 2010 U.S. Dist. Lexis 128063, *5-6 (D. Nev. Nov. 19, 2010) (sanctions available include, *inter alia*, "requiring participation in CLE courses, seminars, and other educational programs").[5] To that end, the Court **ORDERS** that Mr. Roy must read the Local Rules of Practice for the United States District Court for the District of Nevada in their entirety, as well as Special Order Nos. 108 and 109 in their entirety, and to submit a declaration stating that he has done so no later than September 23, 2013.

Lastly, the Court expects that Mr. Roy has remedied the situation with his email notifications so that future Court orders will be obeyed. The Court expects strict compliance with all Court orders, as well as the Local Rules, in the future. The Court again cautions Plaintiff and Mr. Roy that failure to do so may result in significant sanctions, up to and including case-dispositive sanctions.

IT IS SO ORDERED.

DATED: September 9, 2013.

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[4] Of course, the parties may confer and reach a resolution among themselves on the appropriate amount of costs and fees that should be paid to Defendant.

[5] Plaintiff's counsel asserts that this case is his only one in this Court. *See* Response at 2. Regardless of the number of cases he has in this Court, Plaintiff's counsel is required to be familiar with and to obey the Court's rules.