**Eric Roy, Esq.**
Nevada Bar No. 11869
**ERIC ROY LAW FIRM**
703 South Eighth Street
Las Vegas, Nevada 89101
T: (702) 423-3333
F: (702) 924-2517
Eric@ericroylawfirm.com

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
****

| | |
|---|---|
| J.D., an individual, and as the Parent on behalf of a minor child, N.D., <br> Plaintiff, <br> vs. <br> CLARK COUNTY SCHOOL DISTRICT, a public entity, STATE OF NEVADA DEPARTMENT OF EDUCATION, a public entity, <br> Defendants. | CASE NO:  2:11-cv-01896-JAD-NJK |

## ERIC ROY'S RESPONSE TO ORDER TO SHOW CAUSE

**I. FACTS**

Immediately prior to May 29, 2023, the Plaintiff and subject minor requested that counsel for Plaintiff, Eric Roy, Esq (hereinafter "Mr. Roy"), file an application to release the funds from the subject minor's blocked trust account since the subject minor became an adult several years ago.

On May 29, 2023, Mr. Roy filed an application and proposed order to release funds of a minor, who has since reached the age of majority, which are held in a blocked bank account. This application included the unredacted full dates of both of the subject minor and both parents on the birth certificate, which was included as an exhibit, as well as stated the unredacted full date of birth of the subject minor in the pleading. Additionally, this application and proposed order listed a correct case number, but incorrect letters in the captions.

-1-

On May 31, 2023, the Court struck the application and proposed order and issued an Order to Show Cause as to why Mr. Roy should not be sanctioned at total amount of $12,000 for the violations listed above. *See* ECF No. 141.

## II. LEGAL ANALYSIS

### a. GOVERNING LAW

Local Rule 1-1(a) provides that the purpose of the Court's Local Rules, to secure just, speedy, and inexpensive proceeding of every case.

> *These are the Local Rules of Civil Practice for the United States District Court for the District of Nevada. These rules are promulgated under 28 U.S.C. § 2071 and Fed. R. Civ. P. 83 and apply to all civil proceedings unless the court orders otherwise. These rules will be administered in a manner to secure the just, speedy, and inexpensive determination of every action and proceeding.*
> *See* Local Rule 1-1.

The vast majority of the subject case concluded in 2015. The only parties which are still related to this matter in any substantial way are the Plaintiff and subject minor, so no other party or counsel has been affected by Mr. Roy's subject errors. Given that the subject case was determined in 2015 and lack of competing parties, the effect of Mr. Roy's errors were minimal and did not prevent "...*the just, speed, and inexpensive determination of...*" of the subject case. *Id*.

Mr. Roy is not trying to minimize the seriousness of his mistakes as he understands the seriousness of these violations of the Court's rules, given the prior violations in this matter. The majority of Mr. Roy's practice is in the Eighth Judicial District Court of Nevada and, therefore, Mr. Roy's pleading templates are geared toward those rules. The Eighth Judicial District Court of Nevada does not require that the full date of birth be redacted from pleadings. When drafting the subject application and order, Mr. Roy used his standard template which he uses in the Eighth Judicial District Court of Nevada. Because this template does not use redacted dates of birth and Mr. Roy's practice in this Court is limited, Mr. Roy forgot to redact the dates of birth, leaving just the years, on the application and birth certificate as required by the Local Rules of this Court. *See* Local Rule IC 6-1(a)(3). Mr. Roy did not intentionally violate the Court's Rules, but instead made an error of using his

-2-


Eighth Judicial District Court of Nevada experience without checking the Local Rules of this Court before filing the subject application and order. Mr. Roy has read the Court's Local Rules multiple times, first when Mr. Roy became eligible to practice in this Court as well as in September 2013 when this Court ordered Mr. Roy to read the Local Rules of Practice for the United States District Court for the District of Nevada in their entirety as well as Special Order Nos. 108 and 109 in their entirety. Unfortunately, due to conflicting rules regarding redaction of dates of birth with the Eighth Judicial District Court of Nevada, Mr. Roy forgot that Local Rule IC 6-1(a)(3) requires that the month and day of a date of birth be redacted from any public pleading, leaving just the year. *See* Local Rule IC 6-1(a)(3).

The application and proposed order were also filed with an incorrect case number, as the handling judges had changed since the case was first filed and therefore the case number has changed. Mr. Roy did not intentionally use the old case number, but, again, made the error of not verifying that the correct case number was used. Case numbers do not change in the Eighth Judicial District Court of Nevada where Mr. Roy primarily practices, so Mr. Roy did not remember that he needed to verify that the correct case number was being used. To compound issues, this is not the first time that the old case number was used in this matter and Mr. Roy profoundly apologizes to the Court as this error was not intentional.

The Local Rules of this Court allow for sanctions to be imposed on an attorney who violates the Local Rules.

LR IA 11-8 states:
*The court may, after notice and an opportunity to be heard, impose any and all appropriate sanctions on an attorney or party who:*
    *(a) Fails to appear when required for pretrial conference, argument on motion, or*
       *trial;*
    *(b) Fails to prepare for a presentation to the court;*
    *(c) Fails to comply with these Local Rules;*
    *(d) Fails to comply with the Nevada Rules of Professional Conduct; or*
    *(e) Fails to comply with any order of this court.*

*See* Local Rule IA 11-8.

Sanctions are mostly used by courts to ensure that counsel and parties are civil to one another and do not delay proceedings as the primary purpose of all court rules is to ensure a speedy and fair resolution of cases. The Local Rules Committee emphasized this purpose

when it recently amended Local Rule IA 11-8 to include the ability to sanction attorneys who fail to comply with the Nevada Rules of Professional Conduct. *See* Local Rule IA 11-8. The Committee Note indicates *"The purpose of the amendment is to emphasize the court's expectation of a high degree of professionalism and civility from attorneys and to provide an additional mechanism for enforcing the rules of professional conduct."* *See* Report of the Local Civil Rules Committee 2020, pg. 15. While errors such as those made by Mr. Roy in the subject application and proposed order could delay the release of the funds, the subject case was resolved in 2015 and the subject minor reached the age of majority several years ago, so any such delay caused in the release of the funds is minimal. Mr. Roy is in the process of filing a new application and proposed order which fully comply with all rules of this Court.

While not binding with regard to Mr. Roy's subject violations, the Federal Rules of Civil Procedure Rule 11(c) offers insight on the use of sanctions as it addresses the issue of sanctions when an attorney intentionally files a pleading for improper or frivolous purposes. *Fed. R. Civ. P. 11(c)*. Specifically, FRCP Rule 11(c)(4) addresses the nature of sanctions to be imposed.

> *A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.*
> *Fed. R. Civ. P. 11(c)(4)*

This rule recommends that sanctions must be limited to what suffices to deter repetition of the conduct. *Id*. Mr. Roy has made similar errors in this case, but it has been eight (8) years since his last error and Mr. Roy is already in the process of rereading the Local Rules to ensure that such mistakes do not happen again in the future.

The Federal Rules of Civil Procedure contemplate monetary sanctions to deter the intentional filing of frivolous pleadings or pleadings designed to harass a party or delay the proceedings. The Court has already, thankfully, stricken the subject pleadings to prevent the full dates of birth from appearing in the public record, so any damage done by this failure to

redaction is minimal. Mr. Roy is not trying to downplay the seriousness of failure to redact the full date of birth or using an incorrect case number, but asks the Court's forgiveness as it was a mistake with no ill intent as $12,000 is a severe sanction for Mr. Roy's unintentional mistakes.

## II.  CONCLUSION

Mr. Roy understands that some sanction may be appropriate in this matter, but requests that any sanctions be reduced as his errors were due to mistakes, with no ill intent and has not delayed the proceedings.

DATED this 14th day of June, 2023.

**ERIC ROY LAW FIRM**

Eric Roy, Esq.
Nevada Bar No. 11869
703 South Eighth Street
Las Vegas, NV  89101