UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JEANINE DAVIS,<br>　　　Plaintiff(s),<br>v.<br>CLARK COUNTY SCHOOL DISTRICT, et al.,<br>　　　Defendant(s). | Case No. 2:11-cv-01896-JAD-NJK<br><br>**Order Imposing Monetary Sanctions** |

This case has involved a landslide of violations of the governing rules and orders by Plaintiff's counsel, Eric Roy. *See* Docket No. 42 (identifying failure to file separate documents as separate docket entries); Docket No. 45 (identifying failure to file proposed discovery plan in timely manner); Docket No. 68 at 1 (identifying failure to comply with redaction requirement for birth date and minor's name);[1] Docket No. 69 (identifying two failures to submit settlement conference statement); Docket No. 70 at 1-2 (identifying third failure to submit settlement conference statement); Docket No. 72 at 2 (identifying failure to comply with order to file redacted version of amended complaint); Docket No. 75 at 3 n.3 (identifying failure to comply with redaction requirement for minor's name); Docket No. 78 at 2 (identifying failure to comply with redaction requirement for minor's name and requirements for case caption); Docket No. 103 (identifying failure to file letter as ordered); Docket No. 117 (identifying failure to file documents using the correct docketing event); Docket No. 129 (identifying failure to file documents using the correct docketing events). In connection with these violations, the Court has warned Attorney Roy

---

[1] The redaction requirements for personal identifying information were previously governed by special order, but those requirements have now been codified in both the Federal Rules of Civil Procedure and the Court's local rules. *See* Fed. R. Civ. P. 5.2(a); Local Rule IC 6-1(a). The actual requirements remain substantially unchanged, however.

repeatedly that future violations could result in the imposition of significant sanctions and, in fact, has imposed monetary sanctions on Attorney Roy. *See* Docket No. 69 (admonishment and warning of possibility of sanctions in the future); Docket No. 75 at 3-4 (imposing attorneys' fees, ordering Attorney Roy to read the local rules and applicable orders, and warning that future violations may result in "significant sanctions");[2] Docket No. 81 (warning that any future violation of rules or orders will likely result in sanctions); Hearing Rec. (10/9/2013) at 3:46 p.m. (warning that there will most likely be sanctions for future violations). The Court has also heard repeated assurances from Attorney Roy that he has taken the necessary steps to practice competently in this courthouse in compliance with all of the governing rules and orders. *See, e.g.*, Docket No. 80 at 1-2; Hearing Rec. (10/9/2013) at 3:44 – 3:45 p.m.

Despite all of the above circumstances, Attorney Roy filed once again a document on the public docket with personal identifying information, this time consisting of the full birth dates of three different people. Docket No. 140 at 1 (full date of birth of child); Docket No. 140-1 (full dates of birth of child, mother, and father). Hence, Attorney Roy's recent filing again violated the governing rules and governing orders despite numerous warnings of potentially significant repercussions for doing so. Particularly given Attorney Roy's history of violations, the warnings provided to him, and his previous assurances of attaining the competence to practice in this courthouse, the Court issued an order for him to show cause in writing why he should not be sanctioned in a fine of up to $2,000 for each of the recent violations. Docket No. 141 at 1.[3]

Attorney Roy filed a response. Docket No. 142. While purportedly "not trying to minimize the seriousness of his mistakes," Attorney Roy explains that he practices mostly in the local state court, which does not have the same rules regarding redaction of personal identifying information. *Id.* at 1-2. Attorney Roy further explains that his violations of the local rules arose out of his failure

---

[2] The monetary sanction was later calculated to be $1,540. Docket No. 79.

[3] Attorney Roy also filed once again a document containing the wrong case information in the caption. Docket No. 140 at 1; Docket No. 140-2 at 1. Doing so violates the local rules and orders entered in this case. *See, e.g.*, Local Rule IA 10-2; Docket No. 65. The Court will **CAUTION** Attorney Roy one final time with respect to captioning his filings with the incorrect case information. This Court otherwise focuses its attention herein on the more serious failure to redact personal identifying information.

to "check[] the Local Rules of this Court," despite his concurrent representation that he has "read the Court's Local Rules multiple times." *Id.* at 2. Attorney Roy sums up his violation of the rules to protect personal identifying information by asserting that he "forgot" that he was supposed to redact that information. *Id.* Attorney Roy also assures the Court that his errors were unintentional. *Id.* at 2-4.

The Court may impose "any and all appropriate sanctions" on an attorney who (1) violates the local rules; (2) violates the Nevada Rules of Professional Conduct; or (3) violates any order of the Court. Local Rule IA 11-8; *see also* Fed. R. Civ. P. 16(f). Attorney Roy's recent filing undoubtedly involves all three circumstances. Most significantly, Attorney Roy again failed to protect personal identifying information in violation of a clear local rule and numerous prior orders. Such violations also run counter to the ethical obligations to competently represent one's clients, Nev. R. Prof. Cond. 1.1, and to comply with judicial orders, *e.g.*, *Weddell v. Stewart*, 261 P.3d 1080, 1085 n.9 (Nev. 2011) ("Repeated failure to comply with this court's rules, notices, orders, or other directives may result in a referral of counsel to the State Bar for investigation").

Moreover, no reasonable justification has been advanced that sanctions should not be imposed. Attorney Roy tries to explain away these violations by pointing primarily to the fact that he practices mostly in state court. That is no excuse at all. As explained by the Ninth Circuit:

> We recognize that many attorneys who appear in this court rarely practice in federal court at all or are not in the federal system by their own choice, but, rather, were removed here by the opposing litigant. The fact that an attorney's federal practice is rare or infrequent, however, is no excuse for ignoring the rules of this court. Just as an attorney who always practices in state court is expected to know the rules of administration and operation particular to that court, we expect an attorney practicing law in federal court to become familiar with and follow rules applicable to practice in this court. It is incumbent upon an attorney practicing in the [this District] for the first time to secure and study the Federal Rules of [Civil Procedure] and the local rules of this [District] so that he or she will know what is expected by the court, the form in which a case is presented, and the consequences inherent in noncompliance.

*Dela Rosa v. Scottsdale Mem. Health Sys., Inc.*, 136 F.3d 1241, 1244 (9th Cir. 1998). This has all been explained to Attorney Roy already in this case. Hearing Rec. (10/9/2013) at 3:43 – 3:44 p.m. ("Most troubling is that even after the Court issued an order to show cause and sanctioned you,

3

you still didn't follow the Court's orders. . . . While the Court understands that this is the one case that you have in federal court, however many cases you have, the Court has rules for a reason and it's important to follow those rules. The Court has some serious concerns, particularly continually including the name of a minor when there is a special order that prohibits it. And, ironically, in your declaration confirming that you've read the special rule, you violated it").

The other excuses advanced by Attorney Roy fare no better. Attorney Roy's representation that the recent violations were inadvertent fails as a matter of law. *E.g.*, *Pitman v. Brinker Int'l, Inc.*, 216 F.R.D. 481, 484 (D. Ariz. 2003) (discussing *Lucas Auto. Eng'g, Inc. v. Bridgestone/Firestone, Inc.*, 275 F.3d 762, 768 (9th Cir. 2001)); *Hologram USA, Inc. v. Pulse Evolution Corp.*, 2016 WL 2757377, at *2 (D. Nev. May 11, 2016) (Navarro, C.J) (collecting cases). Attorney Roy's representation that he "forgot" to comply with the redaction rule not only fails as a matter of law, but also flies in the face of the reality of the filing process. <u>An attorney filing a document with the Court is expressly reminded of the requirement to redact personal identifying information (including dates of birth) by CMECF and the attorney must affirmatively acknowledge reading and understanding that notice before proceeding with the filing.</u>[4] An image of that notice and required acknowledgement is attached to this order.

Hence, no reasonable justification has been advanced for Attorney Roy's violations. Adding to the concerning nature of the situation, Attorney Roy has been cautioned repeatedly on these same issues and has been previously sanctioned in this case for violating Court orders. When admonitions and lenient sanctions have been tried already without success, courts are left with little choice but to resort to more significant ramifications in order to obtain compliance moving forward. *E.g.*, *Garcia v. GEICO Cas. Co.*, 2014 WL 7474773, at *3-4 (D. Nev. Jan. 6, 2014) (Mahan, J.) (when prior sanctions of $500 and $1,000 proved ineffective as deterrence given that the same conduct was repeated, imposing new sanctions of $2,500 and $5,000).

---

[4] This is not the first time that Attorney Roy has provided nonsensical positions in an effort to excuse his violations. For example, Attorney Roy previously represented that he was unaware of the need to submit a settlement statement by a particular deadline, despite the fact that he drafted and filed the stipulation with that deadline by which the parties "shall" submit the statements. *See* Docket No. 75 at 3 (finding such representation "disingenuous at best").

In light of the circumstances, the Court finds a monetary fine warranted for the serious and recurring violation of the redaction rules. The Court **SANCTIONS** Attorney Roy in the total amount of $3,000, which represents a fine of $750 for each instance of an unredacted birth date that appears in his recent filing. The Court does not believe such fine fully reflects the effect of Attorney Roy's misconduct on either the integrity of the Court's docket or the sanctity of the governing rules, but is imposing this fine in an effort to deter similar misconduct in the future. Attorney Roy must pay these sanctions to the Clerk's Office by June 23, 2023, and must file a proof of payment on the docket by that date.[5]

IT IS SO ORDERED.

Dated: June 16, 2023

                                                Nancy J. Koppe
                                                United States Magistrate Judge

cc: Finance Department

---

[5] Concurrently herewith, the undersigned is also recommending to the Chief Judge that disciplinary proceedings be initiated. *See* Local Rule IA 11-7(g)(1).

